IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

SOUTHERN APPALACHIAN MOUNTAIN
STEWARDS and THE SIERRA CLUB,

    **Plaintiffs,**

v.                   Civil Action No. 2:09-cv-200

DIONYSIOS ANNINOS, Colonel, District Engineer,
U. S. Army Corps of Engineers, Norfolk District;
ROBERT L. VAN ANTWERP, Chief of Engineers
and Commander of the U. S. Army Corps of Engineers,
GLENDA OWENS, Acting Director and Deputy
Director, Office of Surface Mining,

    **Defendants,**

and

A&G CORPORATION and
THE VIRGINIA COAL ASSOCIATION, INC.

    **Intervenor/Defendants.**

### THE VIRGINIA COAL ASSOCIATION, INC.'S ANSWER

The Virginia Coal Association, Inc. ("VCA"), by counsel, for its answer to the Complaint For Declaratory And Injunctive Relief, states as follows:

### INTRODUCTION

1. VCA admits that the 2007 NWP 21 is administered in Virginia by the Norfolk District office of the U.S. Army Corps of Engineers. The remainder of paragraph 1 contains legal conclusions to which no response is required.

2. VCA admits that on August 7, 2007, the Corps issued to A&G Coal Corporation (A&G) an NWP 21 authorization for the Ison Rock Ridge surface mine in Wise County, Virginia. To the extent that paragraph 2 quotes from, paraphrases, or characterizes that

authorization, VCA states that the authorization speaks for itself. To the extent that paragraph 2 contains any other allegations of fact, VCA denies them.

3. Paragraph 3 contains legal conclusions to which no response is required. To the extent that paragraph 3 contains allegations of fact, VCA denies them.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent that paragraph 4 contains allegations of fact, VCA denies them.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent that paragraph 5 contains requests for relief; VCA denies that plaintiffs are entitled to such relief. To the extent that paragraph 5 contains allegations of fact, VCA denies them.

**PARTIES**

6. On information and belief, VCA admits that Lieutenant Van Antwerp is the Chief of Engineers and Commander of the U.S. Army Corps of Engineers. VCA does not know whether the remaining allegations of paragraph 6 are true and therefore denies them.

7. VCA denies that Colonel Anninos is the District Engineer for the Norfolk District. VCA does not know whether the remaining allegations of paragraph 7 are true and therefore denies them.

8. On information and belief, VCA admits that Ms. Owens is, or was, the Acting Director of OSM. The remaining allegations of paragraph 8 contain legal conclusions to which no response is required. To the extent paragraph 8 contains any other allegations of fact, VCA denies them.

9. VCA does not know whether the allegations in paragraph 9 are true and therefore denies them.

10. VCA does not know whether the allegations in paragraph 10 are true and therefore denies them.

11. VCA denies the allegations of paragraph 11.

## JURISDICTION AND VENUE

12. Paragraph 12 contains legal conclusions to which no response is required.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent that paragraph 13 contains allegations of fact, VCA does not know whether those allegations are true and therefore denies them.

## STATUTORY AND REGULATORY BACKGROUND

14. To the extent that paragraph 14 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 14 contains legal conclusions to which no response is required. To the extent paragraph 14 contains allegations of fact, VCA denies them.

15. To the extent that paragraph 15 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 15 contains legal conclusions to which no response is required. To the extent paragraph 15 contains allegations of fact, VCA denies them.

16. To the extent that paragraph 16 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 16 contains legal conclusions to which no response is required. To the extent paragraph 16 contains allegations of fact, VCA denies them.

17. To the extent that paragraph 17 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 17 contains legal conclusions to which no response is required. To the extent paragraph 17 contains allegations of fact, VCA denies them.

18. To the extent that paragraph 18 quotes from, paraphrases, or characterizes federal statutes and/or regulations or the Federal Register, VCA states that those statutes and/or regulations and the Federal Register speak for themselves. Beyond that, paragraph 18 contains legal conclusions to which no response is required. To the extent paragraph 18 contains allegations of fact, VCA denies them.

19. To the extent that paragraph 19 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 19 contains legal conclusions to which no response is required. To the extent paragraph 19 contains allegations of fact, VCA denies them.

20. To the extent that paragraph 20 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 20 contains legal conclusions to which no response is required. To the extent paragraph 20 contains allegations of fact, VCA denies them.

21. To the extent that paragraph 21 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 21 contains legal conclusions to which no response is required. To the extent paragraph 21 contains allegations of fact, VCA denies them.

22. To the extent that paragraph 22 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for

themselves. Beyond that, paragraph 22 contains legal conclusions to which no response is required. To the extent paragraph 22 contains allegations of fact, VCA denies them.

23. To the extent that paragraph 23 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 23 contains legal conclusions to which no response is required. To the extent paragraph 23 contains allegations of fact, VCA denies them.

24. To the extent that paragraph 24 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 24 contains legal conclusions to which no response is required. To the extent paragraph 24 contains allegations of fact, VCA denies them.

25. To the extent that paragraph 25 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 25 contains legal conclusions to which no response is required. To the extent paragraph 25 contains allegations of fact, VCA denies them.

26. To the extent that paragraph 26 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 26 contains legal conclusions to which no response is required. To the extent paragraph 26 contains allegations of fact, VCA denies them.

27. To the extent that paragraph 27 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 27 contains legal conclusions to which no response is required. To the extent paragraph 27 contains allegations of fact, VCA denies them.

28. To the extent that paragraph 28 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 28 contains legal conclusions to which no response is required. To the extent paragraph 28 contains any other allegations of fact, VCA denies them.

29. VCA admits that the Commonwealth of Virginia's Department of Mines, Minerals and Energy (DMME) is a regulatory authority for surface coal mining and reclamation operations within the Commonwealth. To the extent that paragraph 29 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 29 contains legal conclusions to which no response is required. To the extent paragraph 29 contains any other allegations of fact, VCA denies them.

30. To the extent that paragraph 30 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 30 contains legal conclusions to which no response is required. To the extent paragraph 30 contains allegations of fact, VCA denies them.

31. To the extent that paragraph 31 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 31 contains legal conclusions to which no response is required. To the extent paragraph 31 contains allegations of fact, VCA denies them.

32. To the extent that paragraph 32 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 32 contains legal conclusions to which no response is required. To the extent paragraph 32 contains allegations of fact, VCA denies them.

33. To the extent that paragraph 33 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 33 contains legal conclusions to which no response is required. To the extent paragraph 33 contains allegations of fact, VCA denies them.

34. To the extent that paragraph 34 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 34 contains legal conclusions to which no response is required. To the extent paragraph 34 contains allegations of fact, VCA denies them.

**FACTS**

35. VCA admits the allegations of paragraph 35.

36. VCA does not know whether the allegations of paragraph 36, including its subparts, are true and therefore denies them.

37. VCA denies that the Corps did not adequately respond to, or account for, the evidence cited in public comments that NWP 21 will have more than minimal adverse environmental effects. With respect to the remaining allegations of paragraph 37, to the extent that paragraph 37 quotes from, paraphrases, or characterizes the Federal Register, VCA states that the Federal Register speaks for itself. Beyond that, paragraph 37 contains legal conclusions to which no response is required. To the extent paragraph 37 contains any other allegations of fact, VCA denies them.

38. To the extent that paragraph 38 quotes from, paraphrases, or characterizes the Federal Register, VCA states that the Federal Register speaks for itself. Beyond that, paragraph 38 contains legal conclusions to which no response is required. To the extent paragraph 38 contains allegations of fact, VCA denies them.

39. To the extent that paragraph 39 quotes from, paraphrases, or characterizes the Federal Register, VCA states that the Federal Register speaks for itself. Beyond that, paragraph 39 contains legal conclusions to which no response is required. To the extent paragraph 39 contains allegations of fact, VCA denies them.

40. VCA denies that the Corps did not adequately respond to public comments at the NWP issuance stage or has shut the public out of any review of the determination of minimal effects. Beyond that, paragraph 40 contains legal conclusions to which no response is required. To the extent paragraph 40 contains any other allegations of fact, VCA denies them.

41. To the extent that paragraph 41 quotes from, paraphrases, or characterizes the Federal Register, VCA states that the Federal Register speaks for itself. Beyond that, paragraph 41 contains legal conclusions to which no response is required. To the extent paragraph 41 contains allegations of fact, VCA denies them.

42. VCA denies that the Corps has shut the public out of any review of its determination of the adequacy and effectiveness of compensatory mitigation to try to achieve a minimal effects level. Beyond that, paragraph 42 contains legal conclusions to which no response is required. To the extent paragraph 42 contains any other allegations of fact, VCA denies them.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent paragraph 43 contains allegations of fact, VCA denies them.

44. To the extent that paragraph 44 quotes from, paraphrases, or characterizes the Federal Register, VCA states that the Federal Register speaks for itself.. Beyond that, paragraph 44 contains legal conclusions to which no response is required. To the extent paragraph 44 contains allegations of fact, VCA denies them.

45. VCA admits that the Corps issued the 2007 NWP 21 without preparing an EIS on the basis of the Corps' finding of no significant impact. To the extent that paragraph 45 quotes from, paraphrases, or characterizes the Federal Register, VCA states that the Federal Register speaks for itself. To the extent paragraph 44 contains any other allegations of fact, VCA denies them.

46. VCA denies the allegations of paragraph 46.

47. To the extent that paragraph 47 quotes from, paraphrases, or characterizes the Federal Register, VCA states that the Federal Register speaks for itself. To the extent paragraph 47 contains allegations of fact, VCA denies them.

48. VCA denies the allegations of paragraph 48.

49. VCA admits that on August 7, 2007, the Corps issued to A&G an NWP 21 authorization for the Ison Rock Ridge surface mine in Wise County, Virginia, that on October 11, 2007, the Corps issued to A&G an NWP 21 authorization for the Possum Trot surface mine in Wise County, Virginia, and that on August 8, 2008, the Corp issued to A&G an NWP 21 authorization for the Lick Branch surface mine in Wise County, Virginia. To the extent that paragraph 49 quotes from, paraphrases, or characterizes those authorizations, VCA states that the authorization speaks for itself. To the extent that paragraph 49 contains any other allegations of fact regarding the VCA authorizations, VCA denies them. VCA does not know whether the remaining allegations of paragraph 49 concerning non-A&G authorizations are true and therefore denies them.

50. To the extent that paragraph 50 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for

{C1604644.1}

themselves. Beyond that, paragraph 50 contains legal conclusions to which no response is required. To the extent that paragraph 50 contains allegations of fact, VCA denies them.

51. VCA admits that A&G submitted to the Corps a preconstruction notification in connection with the Ison Rock Ridge surface mine. To the extent that paragraph 51 quotes from, paraphrases, or characterizes A&G's preconstruction notification for the Ison Rock Ridge surface mine, VCA states that the preconstruction notification speaks for itself VCA denies that the Corps uncritically accepted assertions in the preconstruction notification. To the extent that paragraph 51 contains any other allegations of fact, VCA denies them.

52. VCA denies that the Corps did not adequately take into account the effects of mining activities on historic properties within the area of potential effects of the undertakings pursuant to Section 106 of the NHPA. To the extent that paragraph 52 quotes from, paraphrases, or characterizes federal statutes and/or regulations, VCA states that those statutes and/or regulations speak for themselves. Beyond that, paragraph 52 contains legal conclusions to which no response is required. To the extent that paragraph 52 contains any other allegations of fact, VCA denies them.

53. VCA admits that on August 7, 2007, the Corps issued to A&G an NWP 21 authorization for the Ison Rock Ridge surface mine in Wise County, Virginia. To the extent that paragraph 53 quotes from, paraphrases, or characterizes that authorization, VCA states that the authorization speaks for itself. To the extent that paragraph 53 contains any other allegations of fact regarding the A&G authorization, VCA denies them.

54. VCA denies the allegations of paragraph 54.

55. VCA admits that as part of an integrated permit processing procedure, the Corps' August 7, 2007 NWP 21 authorization to A&G was issued prior to issuance of a surface coal mining permit by DMME.

56. VCA admits that on April 3, 2009, the EPA sent a letter to the Corps regarding the Ison Rock Ridge mine. To the extent that paragraph 56 quotes from, paraphrases, or characterizes that letter, VCA states that the letter speaks for itself to the extent that paragraph 56 contains any other allegations of fact, VCA denies them.

57. VCA does not know whether the allegations of paragraph 57 are true and therefore denies them.

## CLAIMS

### COUNT ONE

58. Paragraph 58, including its subparts, contains legal conclusions to which no response is required. To the extent that paragraph 58, including its subparts, contains allegations of fact, VCA denies them.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent that paragraph 59 contains allegations of fact, VCA denies them.

### COUNT TWO

60. Paragraph 60, including its subparts, contains legal conclusions to which no response is required. To the extent that paragraph 60, including its subparts, contains allegations of fact, VCA denies them.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent that paragraph 61 contains allegations of fact, VCA denies them.

### COUNT THREE

62. Paragraph 62 contains legal conclusions to which no response is required. To the extent that paragraph 62 contains allegations of fact, VCA denies them.

63. Paragraph 63 contains legal conclusions to which no response is required. To the extent that paragraph 63 contains allegations of fact, VCA denies them.

**COUNT FOUR**

64. Paragraph 64, including its subparts, contains legal conclusions to which no response is required. To the extent that paragraph 64, including its subparts, contains allegations of fact, VCA denies them.

65. Paragraph 65 contains legal conclusions to which no response is required. to the extent that paragraph 65 contains allegations of fact, VCA denies them.

**COUNT FIVE**

66. Paragraph 66, including its subparts, contains legal conclusions to which no response is required. To the extent that paragraph 66, including its subparts, contains allegations of fact, VCA denies them.

67. Paragraph 67 contains legal conclusions to which no response is required. To the extent that paragraph 67 contains allegations of fact, VCA denies them.

**PRAYER FOR RELIEF**

68. VCA denies that plaintiffs are entitled to any of the relief requested by them in the prayer for relief.

69. Additionally, VCA submits that some or all of Plaintiffs' claims may be barred, in whole or in part, by application of the following: (1) failure to state a claim upon which relief may be granted, (2) res judicata or estoppel, (3) lack of subject matter

{C1604644.1}

jurisdiction, (4) lack of standing, (5) Virginia's rights under the Eleventh Amendment of the United States' Constitution, (6) failure to join necessary parties under Rule 19, (7) lack of ripeness, (8) mootness, (9) the doctrine of laches, and (10) the applicable statute of limitations.

70. VCA specifically retains the right to amend this answer to assert additional defenses based on additional investigation or evidence adduced during discovery or a trial of these proceedings.

WHEREFORE, VCA requests that this Court dismiss Plaintiffs' complaint, with prejudice, and grant such other and further relief as this Court deems just and appropriate, including but not limited to an award of costs and attorneys' fees incurred in connection with this matter.

    Respectfully submitted,

    THE VIRGINIA COAL ASSOCIATION, INC.

    By:   /s/ Jeffrey H. Gray

JEFFREY H. GRAY (VSB No. 22304)
Counsel for The Virginia Coal Association, Inc.
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7519
Facsimile: (757) 687-1554
E-mail: **Jeffrey.gray@troutmansanders.com**

{C1604644.1}

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**SOUTHERN APPALACHIAN MOUNTAIN STEWARDS** and **THE SIERRA CLUB,**

        Plaintiffs,

v.                                                Civil Action No. 2:09-cv-200

**DIONYSIOS ANNINOS,** Colonel, District Engineer,
U. S. Army Corps of Engineers, Norfolk District;
**ROBERT L. VAN ANTWERP,** Chief of Engineers
and Commander of the U. S. Army Corps of Engineers,
**GLENDA OWENS,** Acting Director and Deputy
Director, Office of Surface Mining,

        Defendants,

and

**A&G CORPORATION,**

        Intervenor/Defendant.

## CERTIFICATE OF SERVICE

        I, Jeffrey H. Gray, do hereby certify that on September 23, 2009, I electronically filed the foregoing VIRGINIA COAL ASSOCIATION, INC.'s ANSWER with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Joseph Mark Lovett<br>Appalachian Center for the Economy and the Environment<br>P O Box 507<br>Lewisburg, WV 24901 | Walton Davis Morris, Jr.<br>Morris Law Office PC<br>1901 Pheasant Lane<br>Charlottesville, VA 22901 |
| Brooks M. Smith, Esquire<br>Kimalee Cottrell Dickerson<br>William H. Wright, Jr.<br>Hunton & Williams LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23219-4074 | Aaron Stephen Isherwood<br>Peter Middleton Morgan<br>Sierra Club<br>85 Second St., 2nd Floor<br>San Francisco, CA 94105 |

{C1604644.1}

| | |
|---|---|
| Andrea Carol Ferster<br>Andrea C. Ferster, Attorney at Law<br>2121 Ward Ct NW, 5th Floor<br>Washington, DC 20037 | James M. Hecker, Esquire<br>Public Justice<br>1825 K Street, N.W. Suite 200<br>Washington, D.C. 20006 |

                                           /s/_____
                                              JEFFREY H. GRAY

389626v1

{C1604644.1}